STATE, EX REL. GRANT G. MARTIN, ATTORNEY GENERAL, RELATOR, V. J. R. HAWKINS ET AL., RESPONDENTS.

FILED APRIL 3, 1914.    No. 18,272.

1. Counties: ANNEXATION OF UNORGANIZED TERRITORY. The statute, providing that unorganized territory may be attached to an adjoining organized county, does not authorize the annexation of an unorganized county to an adjoining organized county. Comp. St. 1891, ch. 18, art. I, sec. 9.

2. ———: ———: DE JURE ORGANIZATION. McPherson county, since its organization, has been a *de jure* organization, and as such it properly exercised jurisdiction over Arthur county for revenue, election, and judicial purposes, until the organization of the latter under the act of 1913. Laws 1913, ch. 262.

3. ———: ———: RATIFICATION. Ratification of the annexation of Arthur county to McPherson county *held* not established by the evidence.

Original action in *quo warranto* by the state to determine the right of respondents to be county officers of Arthur county. *Dismissed.*

*Grant G. Martin, Attorney General,* and *Hoagland & Hoagland,* for relator.

*Wilcox & Halligan* and *P. R. Halligan, contra.*

ROSE, J.

This is a proceeding in the nature of *quo warranto*. The information was filed in this court by the attorney general, relator, on behalf of the state. Respondents claim to be

public officers of Arthur county and the purpose of the suit is to oust them on the ground that Arthur county has no existence and no officers. Relator pleads that the territory which respondents assume to control as Arthur county is four townships north and south and five townships east and west; that it is the western part of Mc-Pherson county, and that it was attached thereto January 1, 1892, by an order of the county board of the latter county, pursuant to a majority vote for annexation at the general election November 3, 1891, and that it has never been detached. In 1887 the boundary of McPherson county was fixed by legislative enactment. Laws 1887, ch. 23. At the same time and in the same manner, the territory over which respondents assume jurisdiction, being 20 townships directly west of McPherson county, was included within the statutory boundaries of Arthur county. Laws 1887, ch. 21. McPherson county was promptly organized, but Arthur county was not. In 1913 the legislature made provision for the organization of Arthur county. This was done by a bill entitled: "An act to provide for the organization of the county of Arthur and for the location of its county seat and to attach such county until organized to McPherson county for election, judicial and revenue purposes, and to repeal all acts and parts of acts in conflict herewith and declare an emergency." Laws 1913, ch. 262. Relator asserts that this act of 1913, authorizing the organization of Arthur county, is void.

Respondents take the position that the order of consolidation was void; that the counties were never attached; that Arthur county, prior to the act of 1913, with its boundaries described by the legislature of 1887, was annexed to McPherson county for election, revenue and judicial purposes only; that it was legally organized pursuant to the act of 1913; and that the defendants are its duly-elected, qualified and acting officers.

The first question presented is the validity of the annexation order made by the county board of McPherson county. This order was based on the vote on county annexation November 3, 1891. An election submitting a

proposition to transfer the territory of Arthur county to McPherson county and an order of annexation could only have been authorized by statute. Respondents deny there was any such authority, and assert that the election and order of annexation were void. Relator relies on the following enactment, which was in force when annexation was attempted: "When any unorganized territory lies adjoining to and is not embraced within the boundaries of any county, and a majority of the inhabitants of said territory petition the commissioners of said adjoining county to be attached to the same, the county board of said county shall within sixty days order an election as provided for in sections 4, 5 and 6 of this act, and said territory shall become attached to and be a part of said county by a majority vote of the same, and be subject in all other respects to the provisions of this act." Comp. St. 1891, ch. 18, art. I, sec. 9.

Organized counties, unorganized counties, and unorganized territory were all subjects of legislation when that statute was passed. Each had a distinctive character. In 1887 Arthur county was named and its boundaries fixed. "Unorganized territory," as that term is used in the statute, is what may be attached to an adjoining, organized county. Reference is made to territory "not embraced within the boundaries of any county." At the time of the election the territory now in controversy was within the boundaries of Arthur county as previously described by the legislature. The words "any county," in the sense used in the statute quoted, comprehended both organized and unorganized counties. *State v. St. John,* 21 Kan. 591. Arthur county, therefore, was not "unorganized territory" which could be transferred to the organized county of McPherson. No statute authorizing the annexation has been pointed out, and none has been found. It follows that the election and the order of the county board were void.

It is argued by relator that McPherson county, with the territory of Arthur county attached, became a *de facto* county organization when the order of annexation was

made, and that the people in the territory of both counties have since exercised the powers and realized the benefits of annexation. Defendants should not be ousted on this ground. In all of the territory over which McPherson county exercised jurisdiction, it is a *de jure* organization. Its capacity as such has not been questioned. It was regularly organized before any effort was made to attach Arthur county to it. Within the boundaries fixed by the act of 1887, its authority as a county has not been questioned since its organization. Its jurisdiction over Arthur county for election, revenue, and judicial purposes, while that county remained unorganized, is fully established. Comp. St. 1891, ch. 18, art. I, sec. 146; *Robinson v. State,* 71 Neb. 142. For the purposes of this case, therefore, the official acts of McPherson county should be attributed to a *de jure* organization.

Relator argues further that both Arthur county and the state ratified the annexation, and *Robinson v. State,* 71 Neb. 142, is cited to sustain the argument. In the district court for McPherson county Robinson had been charged with the commission of a felony in territory comprising Arthur county as described by the legislature of 1887. Jurisdiction of that court to punish accused was the question decided. In the opinion, jurisdiction was shown under the statute attaching Arthur county to McPherson county for judicial purposes. Comp. St. 1891, ch. 18, art. I, secs. 146, 147. What is said in regard to annexation by the county board of McPherson county was not necessary to a decision of the jurisdictional question. The decision in that case does not control the issue here. Under the circumstances of the present case, the acts relied upon to establish a ratification should be treated as a recognition of McPherson county's lawful jurisdiction over Arthur county for election, judicial, and revenue purposes, and not a ratification of the order which the county board of McPherson county had no power to make. In this view of the law, the act of 1913, making provision for the organization of Arthur county is not unconstitutional, as alleged by relator.

On the issues joined, the findings are in favor of respondents. The proceeding is therefore dismissed at the costs of the state.

DISMISSED.